Mark D. Epstein (Bar No. 168221)
Radhika Thanedar (Bar No. 315356)
**WENDEL ROSEN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mepstein@wendel.com
rthanedar@wendel.com

Attorneys for Defendant City of Colfax

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ColfaxNet, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>City of Colfax,<br><br>　　　　Defendant. | Case No. 2:19-cv-02167-WBS-CKD<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF'S RESPONSES TO WRITTEN DISCOVERY, PRODUCTION OF DOCUMENTS, AND APPEARANCE AT DEPOSITION**<br><br>Judge:　The Hon. Magistrate Judge Carolyn K. Delaney<br>Date:　August 12, 2020<br>Time:　10:00 a.m.<br>Crtrm.:　24<br><br>Trial Date:　October 25, 2019 |

## NOTICE OF MOTION

**TO PLAINTIFF COLFAXNET, LLC AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 12, 2020, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Magistrate Judge Carolyn K. Delaney, located in the United States Courthouse, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, Courtroom 24, 14th Floor, Defendant City of Colfax (the "City") will and hereby does move this Court to compel Plaintiff to substantively respond to written discovery; to produce all documents in its possession, custody and control; to produce its

two principals to appear for deposition; and to enter order for monetary sanctions against Plaintiff and its counsel.

This Motion is made on the ground that Plaintiff sought two extensions to respond to the City's basic and factual discovery, and eventually responded with almost identical and boiler-plate objections to all interrogatories, request for admissions, and request for production of documents, without any substantive responses. Although Corey and Lynele Juchau's depositions were noticed over a month in advance of the scheduled date, Plaintiff objected to the deposition just two days before the scheduled date, and refused to produce its two principals at the deposition.

This Motion is based on this Notice of Motion, and the attached Memorandum of Points and Authorities in support of the Motion to Compel. The Motion to Compel is based on the Declarations of Mark D. Epstein and Radhika Thanedar filed concurrently with this Notice and Motion, and all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling. This Motion is also based on Joint Statement re Discovery Disagreement, to be filed prior to its hearing.

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................1

II. STATEMENT OF FACTS ..............................................................................................3

III. LEGAL ARGUMENT .....................................................................................................5

    A. The City Duly Propounded Discovery that Was Within the Permissible Scope ....................................................................................................................5

    B. Plaintiff's Position That the City Has No Right to Conduct Discovery Prior to Plaintiff's Contemplated Dispositive Motion is Wholly Without Merit ................6

    C. This Court is Not Limited by the Administrative Record of the City of Colfax .................................................................................................................8

    D. Plaintiff's Responses to the City's Discovery is Replete With Incorrect, and Baseless Objections ........................................................................................11

    E. Request for Sanctions ....................................................................................13

IV. CONCLUSION ..............................................................................................................14

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Airtouch Cellular v. City of El Cajon,*
    83 F.Supp.2d 1158 (9th Cir. 2000) ............................................................................... 9

*Anderson v. Liberty Lobby, Inc.,*
    (1986) 477 U.S. 242 ....................................................................................................... 7

*AT&T Mobility Services, LLC v. Village of Corrales,*
    80 F.Supp.3d 1267 (U.S.D.C., D. New Mexico 2014) ................................................. 9

*Beach v. City of Olathe, Kans.*
    203 F.R.D. 489 (D KS 2001) ....................................................................................... 12

*Burnside-Ott Aviation Training Center, Inc. v. U.S., C.A.*
    985 F.2d 1574 (Fed. Cir. 1993) ..................................................................................... 7

*Celotex Corp. v. Catrett*
    477 U.S. 317 (1986) ....................................................................................................... 7

*Chubb Integrated Systems Ltd. v. National Bank of Wash.,*
    103 F.R.D. 52 (D DC 1984) ........................................................................................ 11

*Dunkin' Donuts of America v. Metallurgical Exoproducts Corp.,*
    840 F.2d 917 (1980) ....................................................................................................... 7

*Gassaway v. Jarden Corp.*
    292 FRD 676 (D KS 2013) ......................................................................................... 12

*Gorrell v. Sneath*
    292 F.R.D. 629 (E.D. Cal. 2013) .................................................................................. 5

*Green Mountain Realty Corp. v. Leonard,*
    688 F.3d 40 (1st Cir. 2012) ........................................................................................... 9

*Head v. Wilkie,*
    936 F.3d 1007 (9th Cir. 2019) ....................................................................................... 7

*Hickman v. Taylor*
    (1947) 329 U.S. 495 ....................................................................................................... 5

*Marchand v. Mercy Med. Ctr.,*
    22 F.3d 933 (9th Cir. 1994) ......................................................................................... 11

*Mitchell v. National R.R. Passenger Corp.*
    208 F.R.D. 455 (D DC 2002) ...................................................................................... 11

*Nat'l Tower, LLC v. Plainville Zoning Board of Appeals,*
    297 F.3d 14 (1st Cir. 2002) ........................................................................................... 9

*Pulsecard, Inc. v. Discover Card Services, Inc.*
    168 F.R.D. 295 (D KS 1996) .................................................................................. 11, 12

*St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.*
    198 F.R.D. 508 (ND IA 2000) ....................................................................................... 12

*Thompson v. Gonzales,*
    2017 U.S. Dist. LEXIS 9084 at 2-3 (E.D. Cal. Jan. 23, 2017) ......................................... 11

*Voice Stream Minn., Inc. v. St. Croix County,*
    342 F.3d 818 (7th Cir. 2003) ............................................................................................ 9

*Voice Stream PCS I, LLC v. City of Hillsboro,*
    301 F.Supp.2d 1251 (9th Cir. 2004) ................................................................................. 8

## STATUTES

47 U.S.C. §1455(a) ..................................................................................................................... 6

47 U.S.C. §332(c)(7) .................................................................................................................. 6

47 U.S.C. §332(c)(7)(B)(i)(II) .................................................................................................... 5

47 U.S.C. 332(c)(7)(B)(i) ........................................................................................................... 9

47 U.SC. §332(c)(7)(B) .............................................................................................................. 9

## RULES

Federal Rules of Civil Procedure Rule 26(b) ........................................................................ 5, 6

Federal Rules of Civil Procedure Rule 26(f) ............................................................................ 1

Federal Rules of Civil Procedure Rule 33(2)(b)(2) .................................................................. 4

Federal Rules of Civil Procedure Rule 33(b)(3) ..................................................................... 11

Federal Rules of Civil Procedure Rule 33(b)(4) ..................................................................... 11

Federal Rules of Civil Procedure Rule 34(b) .......................................................................... 11

Federal Rules of Civil Procedure Rule 34(b)(2)(a) .................................................................. 4

Federal Rules of Civil Procedure Rule 36(a)(3) ....................................................................... 4

Federal Rules of Civil Procedure Rule 37(a)(5) ..................................................................... 13

Federal Rules of Civil Procedure Rule 56(c) ............................................................................ 7

Federal Rules of Civil Procedure Rule 56(d)(1) ....................................................................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, ColfaxNet, LLC ("Plaintiff") is a wireless services provider company owned and managed by Corey Juchau ("Corey") and his wife Lynele Juchau ("Lynele"). Some of Plaintiff's wireless transmission antennas are mounted on a tree located on a residential parcel of real property on the outskirts of the City of Colfax that is commonly known as 80 Sierra Sky Drive, Placer County Assessor Parcel Number 100-100-030-00 ("the Property"). (*See* Plaintiff's Complaint at page 4, ¶ 17, Request for Judicial Notice ("RJN"), Exhibit A). Plaintiff alleges that the tree is dying, leaving it with no alternative other than to construct a sixty to eighty foot tall steel tower at the same location where the tree is currently located. (*Id.* at page 4, ¶¶ 18, 20.) A tower at this location would be up against the boundaries with some adjacent residential properties, and would violate the City of Colfax's (the "City's") local ordinance requiring that such a structure be setback from any property boundaries by a distance of two feet for every one foot of height.

Plaintiff therefore was required to apply to the City to request a variance from its usual setback requirements, which Plaintiff did in late 2018. (*Id.* at page 5, ¶¶ 20-23.) After the public hearing on Plaintiff's variance application was continued several times to allow Plaintiff the opportunity to provide necessary information that was missing from its application, and to explore a potential settlement of some of the neighboring property owners' objections to the proposed tower, the City denied Plaintiff's variance application on September 25, 2019. (*Id.* at page 6, ¶ 29.) Plaintiff filed its complaint to commence this action on October 25, 2019, alleging that the City wrongfully denied its variance application in violation of federal law, and that the City was untimely in rendering its final decision on its application. (*Id.* at pages 6-7, ¶¶ 30-34.)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP") and this Court's October 25, 2019 Order Re: Status (Pretrial Scheduling) Conference (RJN Exhibit B, Court's Docket ("Docket") No. 3), on February 8, 2020, the parties filed a Joint Status Report with the Court (RJN Exhibit C, Docket No. 7). In their Joint Status Report, the parties agreed to a discovery plan in which each of them could propound up to twenty (20) Interrogatories, Request

for Admissions and Requests for Production of Documents, as well as depose percipient witnesses, parties, and non-party witnesses. (RJN Exhibit C, Docket No. 7 at 3:10-3:14.) The Court accepted the parties' discovery plan set forth in their Joint Status Report, cancelled their previously scheduled status conference and issued an updated Status (Pretrial Scheduling) Order on February 27, 2020 in which the Court ordered that all non-expert discovery that was outlined in the parties' Joint Status Report be completed by September 21, 2020. (RJN Exhibit D, Docket No. 9 at 2:22-2:24.)

On April 16, 2020 the City propounded its first sets of Interrogatories, Requests for Production of Documents and Requests for Admission to Plaintiff, discovery requests that were within the number limits that the Parties had previously agreed to in their Joint Status Report and were basic in nature: the discovery sought the facts and documents upon which Plaintiff bases its allegations in its complaint, and the identity of the witnesses who are known to Plaintiff to have knowledge of those facts. The City also served notices of the depositions of Plaintiff's two principals, Corey and Lynele. After asking the City for two extensions of its deadline to respond to the City's discovery which the City granted, Plaintiff eventually responded on June 2, 2020 with nothing other than blanket boilerplate objections to *each and every* discovery request. Plaintiff did not serve a single substantive response to any one of the City's discovery requests. Moreover, Plaintiff also objected to the City's deposition notices at the eleventh hour, over a month after the deposition notices had been served, and refused to produce Corey and Lynele for their scheduled depositions. The City duly met and conferred with Plaintiff regarding its refusal to substantively respond to the City's written discovery, refusal to produce any documents and refusal to appear for duly noticed depositions, but Plaintiff refused to budge from its position.

The specific objections that Plaintiff asserted in response to each discovery request and in response to the deposition notices will be addressed in more detail in the parties' required Joint Statement re Discovery Disagreement pursuant to Local Rule 251(c). However, Plaintiff's stated grounds for its refusal to substantively respond to the City's written discovery and refusal to appear for depositions can broadly be grouped into the following categories: (1) The City's administrative record is the only relevant matter of review in this case, and therefore the City's

NOTICE OF MOTION AND MOTION TO COMPEL, MEMORANDUM OF POINTS AND AUTHORITIES

2

discovery requests and deposition notices are superfluous and unnecessarily burdensome and expensive for Plaintiff; (2) Each and every one of Plaintiff's written discovery requests and deposition notices seek information that has no relevance to the claims or defenses raised in this case and are not likely to lead to the discovery of admissible evidence; (3) Each and every one of Plaintiff's written discovery requests purportedly contain "numerous subparts" (which they do not) and therefore "exceed the number" of such discovery requests permitted in this case; and (4) Each and every one of Plaintiff's written discovery requests and deposition notices seek "information that is already in the possession of and/or is equally available to" the City. Indeed, Plaintiff goes so far as to frivolously contend that it is entitled to file and have a dispositive motion for summary judgment heard before the City may conduct any discovery in this case.

To this date, Plaintiff has provided no authority for its position, and has been adamant on its refusal to cooperate. Indeed, that's because Plaintiff's position is antithetical to the law, as well as fundamental notions of due process and federal jurisprudence. The conduct of Plaintiff and its counsel amounts to pure gamesmanship, and the type of misuse of the discovery process that should give rise to monetary sanctions. Accordingly, the City respectfully requests that the Court grant this motion to compel Plaintiff to provide verified substantive responses to the City's written discovery, produce the documents in its possession, custody or control that are responsive to the City's document requests, and produce its two principals Corey and Lynele for their respective depositions. The city also respectfully requests that the Court award the City its costs of having to bring this Motion, as sanctions for Plaintiff's unwarranted, and unjustified refusal to amicably resolve this discovery dispute.

## II. STATEMENT OF FACTS

The present lawsuit law suit arises out of Plaintiff's allegation that the City wrongfully denied its application for a variance to construct a wireless transmission tower in place of a dying tree on Colfax Hill. (RJN Ex. A, pages 6-7, ¶¶ 30-34.) Following the complaint that consisted mainly of conclusory allegations, absent any factual basis, on March 2, 2020 Plaintiff and the City submitted a Joint Status Report to the court. (RJN Ex. C, Court's Docket ("Docket") No. 7). This report contained a "Proposed Discovery Plan". *Ibid.* Pursuant to the Discovery Plan, the parties

intended to depose percipient witnesses, parties, and non-party witness. (RJN Ex. C, Docket No. 7 at 3:12-3:14.) The parties also expected to propound up to 20 each of Interrogatories, Request for Admissions, and Request for Production of Documents. (*Ibid* at Docket No. 7 at 3:10-3:12.) The Proposed Discovery Plan did not qualify or limit the conduct of discovery in anyway whatsoever. As a result of the Joint Status Report, and because the parties had reached an agreement pertaining to discovery, the Court vacated the Pretrial Scheduling Conference. (RJN Exhibit D, Docket No. 9 at 2:22-2:24.)

On April 16, 2020 the City served Plaintiff, its first set of written discovery comprising of 20 specially prepared interrogatories; 13 request for admissions; and 21 request for production of documents. (Declaration of Mark Epstein in Support of the City's Motion to Compel ("Epstein Decl."), ¶2 & Exs. A, B and C.) Per FRCP 33(2)(b)(2); 34(b)(2)(a); and 36(a)(3), Plaintiff's responses to this discovery were due on May 18, 2020. Epstein Decl., ¶ 3. On May 6, 2020 the City served Notices of Depositions for Plaintiff's Principals Corey and Lynele. (Epstein Decl., ¶ 4, & Exs. D and E.) Corey and Lynele's depositions were scheduled on June 4, and June 5, 2020 respectively, almost a month after Plaintiff was served with the notices. *Ibid.*

On May 15, 2020 Plaintiff's counsel requested an extension to respond to the City's discovery by June 1, 2020. (Epstein Decl., ¶ 5, & Ex. F.) The City granted Plaintiff this professional courtesy. *Ibid.* On June 1, 2020 counsel for Plaintiff requested a second extension to respond to the discovery, which was also granted by the City. (Epstein Decl., ¶ 6, & Ex. G.) Despite requesting two extensions which the City granted, on June 2, 2020 the City received Plaintiff's responses that contained nothing except for boilerplate and almost identical objections without any substantive responses. (Epstein Decl., ¶ 12 &Exs. K, L, and M.)

Earlier on June 2, 2020 counsel for the City, Mr. Mark Epstein emailed Plaintiff's attorney regarding logistical issues in order to organize Corey and Lynele's video conference depositions. (Epstein Decl., ¶ 8, & Ex. H.) Between June 1, 2020 and June 2, 2020, and after numerous email exchanges with Plaintiff's counsel, Plaintiff advised the City that it would not be producing Corey and Lynele for their depositions. (Epstein Decl., ¶¶ 9-11, Exs. I and J.) Notably, Plaintiff's counsel made no effort to provide alternative dates to reschedule the depositions and arbitrarily

refused to produce them. (Epstein Decl., ¶ 10.)

Later that same day, Mr. Epstein emailed Plaintiff's counsel to meet and confer with them about them about their deficient discovery responses, and to amicably resolve the matter. (Epstein Decl., ¶ 13, Ex. O.) On June 3, 2020 Mr. Epstein requested a joint meeting via zoom conference to meet and confer about the discovery issue. (Epstein Decl., ¶¶ 14-15, Ex. P and Q.)

On June 4, 2020 all counsel met via zoom conference at 1:00 p.m. in an effort to resolve all pending discovery disputes. (Epstein Decl., ¶ 16.) Plaintiff's counsel argued that the City was not entitled to conduct any discovery beyond the City's administrative record. *Ibid.* Counsel for Plaintiff also claimed that since it intended to file a dispositive motion like a motion for summary judgment, the City was not entitled to any discovery until the motion was filed, heard, and decided by the Court. (*Ibid.*)

## III. LEGAL ARGUMENT

### A. The City Duly Propounded Discovery that Was Within the Permissible Scope

Federal Rules of Civil Procedure ("FRCP") 26(b) states:

> Unless otherwise limited by court order, … <u>parties may obtain discovery regarding any nonprivileged matter</u> that is relevant to any party's claim or defense and proportional to the needs of the case, …. <u>Information within this scope of discovery need not be admissible in evidence to be discoverable</u>. [Emphasis added.]

A party may propound interrogatories relating to any matter that may be inquired into under Rule 26(b). *Gorrell v. Sneath* 292 F.R.D. 629, 632 (E.D. Cal. 2013). A party has the right to conduct discovery regarding the other party's contentions in the case, and the bases for those contentions. *Hickman v. Taylor* (1947) 329 U.S. 495, 504.

Plaintiff alleges that the City failed to issue a timely denial of its variance application, that an unwritten denial was issued, and the denial prohibited Plaintiff from providing personal wireless services pursuant to 47 U.S.C. §332(c)(7)(B)(i)(II). Plaintiff also claims that the tree on which its antennas are mounted is dying, leaving Plaintiff with no other alternative but to install a man-made wireless transmission tower in place of the dying tree. Plaintiff's complaint is replete with such conclusory and arbitrary allegations, without providing any factual basis for them. It is

NOTICE OF MOTION AND MOTION TO COMPEL, MEMORANDUM OF POINTS AND AUTHORITIES

5

therefore only reasonable that the City be given a fair opportunity to conduct discovery into Plaintiff's contentions. The City's written discovery falls squarely within the purview of FRCP 26(b) because it only requests basic and non-privileged information that forms the bases for Plaintiff's allegations.

Pursuant to U.S.C. §332(c)(7), a state or local government, or an instrumentality thereof, may make decisions regarding the placement, construction and modification of personal wireless services facilities so long as their effect is not to deprive or deny the furnishing of such services. 47 U.S.C. §1455(a) provides that a state or local government may regulate or deny a request to modify an existing wireless tower or base station that would substantially change the physical dimensions of it.

Plaintiff contends that the City did not have the right to enforce setback requirements on Plaintiff's proposed unconstructed tower. In the face of the statutes mentioned above, the City has the right to conduct discovery as to the facts on which Plaintiff's position is predicated.

Furthermore noticing a deposition of the person with the most knowledge about the actions of a corporate entity is only reasonable. Plaintiff is a corporate entity and its owners Corey and Lynele have all the information and knowledge concerning Plaintiff's variance application to the City. The information sought from Corey and Lynele surround their experience throughout the application process, their communications with the City's personnel, and to gain insights into their understanding about the City's denial. By objecting to and cancelling their depositions at the last minute, without making any good faith effort to provide alternative dates, Plaintiff is obstructing the City from conducting a reasonable inquiry into Plaintiff's contentions.

Therefore the City requests this Court to hear this Motion, and compel Plaintiff to provide complete and meaningful responses to the written discovery propounded. The City further requests this Court to compel Plaintiff to present Corey and Lynele Juchau for an oral deposition in furtherance of the discovery process.

**B.     Plaintiff's Position That the City Has No Right to Conduct Discovery Prior to Plaintiff's Contemplated Dispositive Motion is Wholly Without Merit**

Parties to a lawsuit have the right to conduct basic discovery before having to oppose a

dispositive motion, and summary judgment motions are generally improper where the non-moving party has not had the opportunity to discover information that is essential to its opposition. *Burnside-Ott Aviation Training Center, Inc. v. U.S., C.A.* 985 F.2d 1574, 1582 (Fed. Cir. 1993); *Anderson v. Liberty Lobby, Inc.,* (1986) 477 U.S. 242, 250. If a nonmovant to a summary judgment motion, shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion or even deny it. FRCP, 56(d)(1). According to FRCP 56(c) a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Anderson* (1986) 477 U.S. 242, 248. Relying on the *Anderson* case, the 9th Circuit Court in *Head v. Wilkie,* 936 F.3d 1007, 1010 (9th Cir. 2019) held that the moving party is entitled to summary judgment only where, drawing all reasonable inferences supported by the evidence in favor of the nonmoving party, no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Ibid.*

A review of the case law makes it amply clear that a summary judgment motion is inappropriate unless parties are permitted adequate time for discovery. *Burnside-Ott Aviation Training Center, Inc. v. U.S., C.A.* 985 F.2d at 1582, *supra*, [summary judgment should be refused where nonmoving party has not had opportunity to discover information that is essential to its opposition]; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250 n. 5, *supra*. Indeed, the U.S. Supreme Court has made it clear that summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery." *Dunkin' Donuts of America v. Metallurgical Exoproducts Corp.*, 840 F.2d 917, 919 (1980); *citing Celotex Corp. v. Catrett* 477 U.S. 317, 326 (1986).

The conduct of discovery, giving the non-moving party a reasonable opportunity to assess all the evidence prior to opposing a motion for summary judgment is mandatory and essential for the non-moving party to have a fair and equal opportunity to oppose a dispositive motion, if any. As previously stated, the written discovery propounded by the City consisted of relevant and reasonable questions concerning the nature of the proposed tower; whether Plaintiff assessed any

alternatives other than constructing a tower at the location of the dying tree; non-privileged correspondence between Plaintiff and the City in order to better analyze the position of both parties; and the factual basis for Plaintiff's conclusory allegations in its complaint. This basic written discovery was conducted so that the City has a reasonable opportunity to prepare its defense at trial. This is also the kind of investigation that the City would have to undertake in order to effectively defend itself in the event that Plaintiff files a motion for summary judgment.

Plaintiff's claim that the City may not conduct any discovery until its motion for summary judgment is filed, heard and decided is completely baseless, unwarranted, and flies in the face of applicable legal authority. Notably Plaintiff has not yet filed a motion for summary judgment and the deadline to complete all discovery in this case is on September 21, 2020. (RJN, Ex. D, Docket No. 9, 2:22 – 2:24.) Therefore the City has approximately three months to complete all its discovery and prepare for trial. In such a scenario, Plaintiff's position of not cooperating with the City in their discovery process appears to be a calculated scheme to prevent the City from preparing for trial or any dispositive motion that Plaintiff may file.

### C. This Court is Not Limited by the Administrative Record of the City of Colfax

Plaintiff's repeated position in response to the City's discovery is that any discovery of documents and information beyond what is contained on the administrative record relating to Plaintiff's application for a variance is overly broad, unduly burdensome, and has no relevance to the claims or defenses raised in this case. *See, e.g.,* Plaintiff's Responses to Interrogatory Nos. 1, 3, and 7 (Epstein Decl. ¶ 2, Ex. A); Responses to Request for Admission Nos. 2, and 3 (Epstein Decl. ¶ 2, Ex. B); and Responses to Request for Production of Document Nos. 2, 6, and 7 (Epstein Decl. ¶ 2, Ex. C.) Plaintiff's position is pure sophistry; it's based on specious arguments that have no foundation in law.

In *Voice Stream PCS I, LLC v. City of Hillsboro,* 301 F.Supp.2d 1251, 1256 (9th Cir. 2004), the court observed that although the Ninth Circuit has not yet decided a case under the Telecommunications Act ("TCA") provisions concerning the issue of a city's denial of an application to erect a wireless telecommunications tower, other federal courts agree that the court is required to use the "substantial evidence" standard in assessing the city's decision. The courts in

assessing a claim under the TCA 47 U.SC. §332(c)(7)(B), alleging prohibition of personal wireless services, may consider outside evidence, and are not restricted to the administrative record. *Airtouch Cellular v. City of El Cajon,* 83 F.Supp.2d 1158, 1164 (9th Cir. 2000).

The standard by which district courts review state and local decisions on TCA issues, "depends on the nature of the issue presented, and the statutory limitation involved"; and that the issue of whether a state's denial of an application to construct a personal wireless facility "has the effect of prohibiting the provision of personal wireless services" is a "decision to be made de novo by a reviewing court that will not be necessarily limited to the record compiled by the state or local authority. *AT&T Mobility Services, LLC v. Village of Corrales,* 80 F.Supp.3d 1267, 1269 (U.S.D.C., D. New Mexico 2014) citing *Nat'l Tower, LLC v. Plainville Zoning Board of Appeals*, 297 F.3d 14, 22 (1st Cir. 2002). Accordingly, the district court may rely on "evidence … presented in court that is outside of the administrative record compiled by the local authority. *Ibid*, citing *Nat'l Tower, LLC v. Plainville Zoning Board of Appeals,* 297 F.3d 14, 22 (1st Cir. 2002); *Voice Stream Minn., Inc. v. St. Croix County,* 342 F.3d 818, 833 (7th Cir. 2003). Courts uniformly hold that effective prohibition claims under Section 332(c)(7)(B)(i) "present questions that a federal district court determines in the first instance without any deference to the [local zoning] board." *Id.; Voice Stream Minn.* 342 F.3d 818, 833 (7th Cir. 2003). Accordingly, "[i]n evaluating an effective prohibition claim, district courts are free to consider additional evidence not in the administrative record." *Green Mountain Realty Corp. v. Leonard,* 688 F.3d 40, 49 (1st Cir. 2012).

The legal authority referred to above contradicts Plaintiff's position that the administrative record before the City is the only relevant information in this case, and that the City may not conduct any discovery on issues outside of the administrative record but still directly relevant to Plaintiff's allegations in this case. The City cannot assess the credibility of Plaintiff's claims purely on the basis of the administrative record. Simply relying on the administrative record completely denies the City the opportunity to view Plaintiff's communications with other persons discussing its interest in constructing a tower at the proposed location, the history of the property, the easements on it, Plaintiff's rights on the property, any lawsuit that Plaintiff has filed against some

of the other property owners in the neighborhood that are part of the public record, but may not form a part of the City's administrative record, are all necessary for the City's preparation of its defense. As already stated, all the information necessary for the City's analysis of Plaintiff's allegations may not be a part of the administrative record.

Moreover, the Court, per its October 25, 2019 Pretrial Scheduling Order, specifically required both parties to submit a discovery plan as part of the Joint Status Report. (RJN Ex. B, Docket No. 3 at 2:11 – 2:14.) The purpose of the Joint Status Report was to avoid the kind of discovery dispute that the parties find themselves in at this time. Plaintiff made no mention in the Joint Status Report that the City should not be entitled to conduct any discovery beyond a review of the administrative record in the event that Plaintiff intended to file a dispositive motion. Had they done so, the City would have asked the Court to address this issue at the initial case management conference. However, Plaintiff consented to the Joint Status Report, and gave the City the false impression that the parties were in agreement on discovery, prompting the Court to dispense with the initial case management conference.

Notably, per the joint Status Report's "Proposed Discovery Plan", the parties clearly stated their intention to conduct written and oral discovery. (RJN Ex, C, Docket No. 7 at 3:9-3:15.)The written discovery included each party propounding 20 interrogatories, request for admissions and request for production. *Id.* The discovery plan also clearly stated the parties' intention to take up to eight percipient witness depositions including party depositions. *Id.* In conjunction with the proposed discovery plan the City propounded written discovery that did not exceed its limits, and noticed the depositions of Plaintiff's principals.

Plaintiff's uncooperative stand, interfering with the City's right to conduct reasonable discovery, is not only in violation of basic principles of discovery and jurisprudence, but is also contrary to its own position as represented in the Joint Status Report.

Since there is no legal authority limiting the City's discovery to the City's administrative record, and given the discovery plan as laid out in the Joint Status Report, this Court is requested to compel Plaintiff to effectively respond to the propounded written discovery, and to produce Lynele and Corey Juchau for an oral deposition.

### D. Plaintiff's Responses to the City's Discovery is Replete With Incorrect, and Baseless Objections

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed R. Civ. P. 33(b)(3). The grounds for objecting to an interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4) The same rule applies to requests for production of documents and requests for admission. Fed. R. Civ. P. 34(b). Respondents must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories (as well as requests for documents and requests for admission), and if necessary, they may include any necessary, reasonable definition of such terms or phrases in order to clarify their answers. *Pulsecard, Inc. v. Discover Card Services, Inc.* 168 F.R.D. 295, 310 (D KS 1996). Although a responding party is not required to conduct extensive research to answer an interrogatory, the responding party is required to make a reasonable effort to respond. *Thompson v. Gonzales,* 2017 U.S. Dist. LEXIS 9084 at 2-3 (E.D. Cal. Jan. 23, 2017). With respect to Request for Admissions, parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions. *Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 938 (9th Cir. 1994).

As will be shown in the parties' forthcoming Joint Statement re Discovery Disagreements, several of Plaintiff's objections, on which it based its refusal to provide substantive responses, included objections that the discovery requests seek information that Plaintiff deems to be irrelevant, overly broad and unduly burdensome. The courts have long treated these types of objections as frivolous grounds for a responding party to avoid serving substantive responses to discovery. For example, in *Chubb Integrated Systems Ltd. v. National Bank of Wash.*, 103 F.R.D. 52, 58 (D DC 1984) the court held that an objection that an interrogatory sought information that was "irrelevant" did not fulfill party's burden to explain its objections. Moreover, even if an interrogatory is arguably overbroad, the responding party must answer whatever part of the question is proper, object to the balance and provide some meaningful explanation of the basis for the objection. (*Mitchell v. National R.R. Passenger Corp.* 208 F.R.D. 455, 458, fn. 4 (D DC 2002); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* 198 F.R.D. 508, 512 (ND IA

2000) [objections must explain how request or interrogatory is overbroad or unduly burdensome]; and *Gassaway v. Jarden Corp.* 292 FRD 676, 682 (D KS 2013).

Another repeated objection throughout Plaintiff's objections only responses is that the interrogatory requests are vague and ambiguous. However, a failure to answer interrogatories and other written discovery based on the objection that the requests are vague and ambiguous are generally improper. First of all, respondents must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. If necessary, they may include any necessary, reasonable definition of such terms or phrases in order to clarify their answers. (*Pulsecard, Inc. v. Discover Card Services, Inc.* 168 F.R.D. 295, 310 (D. KS. 1996). Moreover, where the ambiguity can easily be resolved by conferring with the propounding party, courts may overrule an objection that the interrogatory is vague and ambiguous. (*Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D KS 2001).

Plaintiff's responses to written discovery consist only of boiler-plate objections, including baseless objections like the request is vague and ambiguous in the meaning of "wireless services", or "alternative location." ( Epstein Decl., ¶ 12, Ex. L at 6:10, and 6:26.) Considering this entire lawsuit is based on Plaintiff's wireless internet services and its intention to construct a wireless transmission tower, its reliance on objections like the ones mentioned is utterly reprehensible and should not be condoned.

In all its responses Plaintiff claims that documents and scope beyond the City's administrative record is subject to review and overbroad. ( Epstein Decl., ¶ 12, Exs. K, L, and M.) As stated earlier, there is no legal basis of Plaintiff's claim that discovery needs to be restricted to the administrative record. A more detailed discussion of every deficient response is dealt with the in Joint Statement re Discovery Disagreement that will be submitted prior to the hearing on this Motion.

The City gave Plaintiff twenty-nine (29) days' notice for Corey and Lynele's depositions. Despite the City's cooperation with Plaintiff, granting them extensions to respond to written discovery, and consistently displaying professional courtesy, Plaintiff objected to the deposition notices and on June 2, 2020 claimed that Lynele and Corey would not be produced at their

respective depositions. This was unprofessionally done in the last minute, just two days before Corey's scheduled deposition, and three days before Lynele's deposition. The City had undergone the tedious process of organizing a deposition via 'Zoom' due to California's Shelter-In-Place Order, training for conducting remote depositions, and booking the deposition service and court reporters. Plaintiff's last minute cancellation and refusal to cooperate caused the City to undergo unnecessary delay and expenses in having to bring this motion.

The City therefore respectfully asks this Court to order Plaintiff to serve full and complete substantive responses to the City's written discovery, produce the responsive documents that the City has requested, and to produce its two principals, Corey and Lynele, for their depositions well in advance of the September 21, 2020 close of discovery.

### E. Request for Sanctions

Pursuant to FRCP 37(a)(5), "… the court must […] require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless" the opposing party's nondisclosure, response, or objection was substantially justified."

The City served its first set of interrogatories, request for admissions, and request for production of documents on April 16, 2020. ( Epstein Decl., ¶ 2, Exs. A, B, and C.) On May 6, 2020 Plaintiff was served with Corey and Lynele's deposition notices scheduled almost one month later on June 4, 2020 and June 5, 2020 respectively. (Epstein Dec. ¶ 4. Exs. D and E.)

As previously stated, Plaintiff's counsel sought two extensions to respond to the written discovery and eventually provided responses containing almost identical objections without any substantive responses. Plaintiff's counsel also objected to the oral depositions merely two days before they were scheduled, and refused to produce their clients for a deposition that they were notified about almost one month in advance. Plaintiff's counsel also refused to provide any alternative dates to schedule the depositions. (Epstein Decl. ¶¶ 9-10, Ex. I.) With respect to their insufficient written responses, Plaintiff's counsel stuck to their position that the City may not conduct any discovery beyond the administrative record until Plaintiff's motion for summary judgment is filed, heard and decided. All of the City's efforts to meet and confer and resolve the

NOTICE OF MOTION AND MOTION TO COMPEL, MEMORANDUM OF POINTS AND AUTHORITIES

13

issue, was met with a complete refusal to cooperate.

If Plaintiff had been willing to meet and confer regarding the City's contentions and issues with its discovery responses, it is likely some or all of them could have been resolved without requiring the City to seek the aid of the court. However, Plaintiff steadfastly refused to do so. Plaintiff's lack of cooperation to resolve the dispute compelling the City to file this motion justifies sanctions in this instance.

The City has incurred a substantial amount of attorney's fees and costs in connection with this motion, which the City will set forth in conjunction with its reply brief.

## IV. CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court grant this Motion by issuing an order compelling Plaintiff to substantively respond to the City's outstanding written discovery requests, produce the documents in its possession, custody or control that are responsive to the City's requests, and produce its principals Corey and Lynele Juchau for their depositions. The City further requests that the Court impose sanctions against Plaintiff, and its counsel jointly and severally to reimburse the City for the attorney's fees and costs incurred in having to prepare, file and argue this motion, in an amount that will be set forth in connection with the City's reply brief.

DATED: July 10, 2020  WENDEL ROSEN LLP

By: _/s/ Mark D. Epstein_
Mark D. Epstein
Radhika Thanedar
Attorneys for Defendant City of Colfax

NOTICE OF MOTION AND MOTION TO COMPEL, MEMORANDUM OF POINTS AND AUTHORITIES

14