UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLFAXNET, LLC, | No. 2:19-cv-02167-WBS-CKD |
| Plaintiff, | |
| v. | ORDER |
| CITY OF COLFAX, | (ECF No. 15) |
| Defendant. | |

Presently before the court is defendant's motion to compel plaintiff's responses to written discovery, production of documents, and depositions. (ECF No. 15.) The parties have filed a joint statement regarding this discovery dispute. (ECF No. 25.) At the hearing on this matter, plaintiff appeared through Andrew M. Klein and Arthur G. Woodward and defendant appeared through Mark D. Epstein and Radhika Thanedar. For the reasons that follow, the court GRANTS defendant's motion.

I.  BACKGROUND

Plaintiff filed the present suit on October 25, 2019, challenging defendant, the City of Colfax's, decision to deny its application to replace a wireless service facility. (ECF No. 1.) Plaintiff's "tree-tower" needed to be substituted due to the tree dying, and plaintiff requested that the tower be replaced with a metal one. (Id. at 5.) Plaintiff's application was ultimately denied by defendant. (Id. at 6.)

1

Plaintiff's suit alleges that defendant (1) failed to issue a denial within a reasonable time; (2) failed to issue a denial in writing; (3) denied its application without sufficient evidence to support its decision; and (4) effectively prohibited plaintiff from providing wireless services. (Id. at 2.) All these counts are in violation of provisions of 47 U.S.C. § 332(c)(7)(B). Plaintiff also makes related claims under 47 U.S.C. § 1455(a) and 47 C.F.R. § 1.6100.

The parties filed a Rule 26(f) discovery plan on February 18, 2020, which contemplated certain discovery cut-offs and limitations. (ECF No. 7.) The court signed off on the discovery plan on February 27, 2020. (ECF No. 8.) On April 16, 2020, defendant served plaintiff with written discovery. (ECF No. 25 at 2.) After receiving two extensions from defendant, plaintiff responded to written discovery; however, these "responses" were actually objections to each discovery request made by defendant. (Id.) As relevant here, nearly every objection included the following, or substantially similar, statement: "[this request] seeks information beyond the administrative record that is subject to review in this case and is therefore overbroad, unduly burdensome and has no relevance to the claims or defenses raised." (Id. at 16-126.)

Defendant filed the present motion to compel discovery on July 10, 2020. (ECF No. 15.) Plaintiff filed a motion for summary judgment on August 3, 2020. (ECF No. 22.) The parties filed a joint statement regarding this discovery dispute on August 5, 2020. (ECF No. 25.) For the reasons that follow, the court GRANTS defendant's motion to compel discovery.

II.  DISCUSSION

    **A.**  **General law regarding plaintiff's complaint**

The Telecommunications Act generally preserves "the traditional authority of state and local governments to regulate the location, construction, and modification" of wireless communications facilities like cell phone towers, but imposes "specific limitations" on that authority. Rancho Palos Verdes v. Abrams, 544 U.S. 113, 115 (2005); see 47 U.S.C. § 332(c)(7)(B). As relevant to the present suit, the Act requires that a decision to deny a request to build a communications facility (a) must be in writing and supported by substantial evidence, § 332(c)(7)(B)(iii); (b) must be made within a reasonable time, § 332(c)(7)(B)(ii); and (c) "shall not prohibit or have the effect of prohibiting the provision of personal wireless services," §

332(c)(7)(B)(i)(II).  Plaintiff alleges that defendant failed to satisfy these requirements of Section 332.[1]

      B.     **The parties' discovery dispute**

Defendant moves to compel plaintiff to respond to written discovery and provide it with deposition dates for two of plaintiff's principals.  Plaintiff responds that the court is bound to the administrative record, and, regardless of this alleged prohibition on outside evidence, plaintiff's motion for summary judgment can be decided without any additional discovery.

The court will first address plaintiff's objection that the court is bound to the administrative record in this case and then turn to the interrelated issue of whether a stay on discovery should be issued.

      1.     *Plaintiff's objections are meritless*

It is well-settled that all grounds for objecting to discovery must be stated with specificity. Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981).  "The court will not consider any objections that were not asserted in the responding party's original discovery responses, i.e., it will not consider objections raised for the first time in the Joint Stipulation."  Ramirez v. City of Los Angeles, 231 F.R.D. 407, 410 (C.D. Cal. 2005).  The parties can assume that the court has determined that any objection not discussed in this order has been overruled because it is too general or otherwise meritless.  See id. at 409.

The only objection that merits consideration by this court is plaintiff's assertion that each of defendant's discovery requests "seeks information beyond the administrative record that is subject to review in this case and is therefore overbroad, unduly burdensome and has no relevance to the claims or defenses raised."  Plaintiff provided this objection to nearly every discovery request and refused to substantively respond to any request.  Plaintiff is essentially requesting a stay on discovery in this matter (discussed below), albeit without using those terms or requesting an appropriate protective order.  See Adobe Sys. Inc. v. Christenson, 2011 WL 540278, at *3 (D. Nev. Feb. 7, 2011) ("By objecting to the written discovery requests and

---

[1] Plaintiff also makes claims under 47 U.S.C. § 1455(a) and 47 C.F.R. § 1.6100.  However, the court need not address those claims for purposes of this order.

3

refusing to supplement their responses, Defendants, in effect, seek a stay of written discovery pending decision on the motion for judgment on the pleadings.").

Thus, the court will first address plaintiff's objections that defendant's discovery requests are improper because they seek "information beyond the administrative record that is subject to review in this case."

As an initial matter, plaintiff makes multiple citations and statements (without citation) that are misleading. For example, plaintiff cites a string of cases for the proposition that courts in analogous circumstances "*may not* consider information outside of the administrative record – specifically where summary judgment was sought and in these cases granted." (ECF No. 25 at 15 (emphasis added).) A review of the collected cases, however, shows that no case cited stands for the proposition that a court *may not* consider evidence outside the administrative record, but rather that each court did not have additional evidence before it in each particular case.[2] See GTE Mobilnet of California Ltd. P'ship v. City of Watsonville, 2016 WL 9211684 (N.D. Cal. Nov. 1, 2016) (deciding a "shot clock" violation without mentioning this alleged restriction to the administrative record); ExteNet Sys., Inc. v. Vill. of Pelham, 377 F. Supp. 3d 217 (S.D.N.Y. 2019) (fails to explicitly mention the administrative record and does not hold that a court "may not consider information" outside of it); Upstate Cellular Network v. City of Auburn, 257 F. Supp. 3d 309 (N.D.N.Y. 2017) (same); Up State Tower Co., LLC v. Town of Kiantone, New York, 2016 WL 7178321 (W.D.N.Y. Dec. 9, 2016) (same). It should go without saying, but a court's reliance on the administrative record—without holding that it is bound to such record—does not equate to a court being judicially precluded from relying on evidence beyond the administrative record. Plaintiff's statements and misleading citations to the contrary miss this elementary point.

Interestingly, directly following plaintiff's dubious string citation, plaintiff cites to a case that holds that "*outside evidence may be considered*" when a litigant brings an effective prohibition claim (a claim plaintiff brings in the present action, discussed below). Airtouch

---

[2] The cases cited, in fact, do not explicitly state that the court is solely reviewing the administrative record, but the undersigned will provide this premise.

4

1  Cellular v. City of El Cajon, 83 F. Supp. 2d 1158, 1164 (S.D. Cal. 2000) (emphasis added) (citing

2  Town of Amherst, N.H. v. Omnipoint Commc'ns Enterprises, Inc., 173 F.3d 9, 16 at n.7 (1st Cir.

3  1999) (noting that effective prohibition claims present issues "for which outside evidence may be

4  essential")).  Plaintiff, inexplicably, failed to advise the court as to this portion of Airtouch, which

5  is plainly material to the present case.

6        Despite plaintiff's questionable citations, there is a colorable argument that at least one of

7  plaintiff's counts should be decided on the administrative record: plaintiff's third cause of action

8  that defendant's denial is not supported by substantial evidence.  (ECF No. 1 at 12.)

9        A locality's decision to "deny a request to place, construct, or modify personal wireless

10 service facilities shall be . . .  supported by substantial evidence contained in a written record."

11 47 U.S.C. § 332(c)(7)(B)(iii).  The standard of review in such cases "is deferential, and [courts]

12 may neither engage in [their] own fact-finding nor supplant the Town Board's reasonable

13 determinations."  Cellular Tel. Co. v. Town of Oyster Bay, 166 F.3d 490, 494 (2d Cir. 1999); but

14 see Town of Amherst, 173 F.3d at 16 n.7 ("In considering whether substantial evidence supports

15 the agency decision, the court is acting primarily in a familiar 'review' capacity *ordinarily* based

16 on the existing record.") (emphasis added).

17       The court need not determine whether plaintiff's substantial evidence claim is the

18 "unordinary" one that requires evidence beyond the administrative record.  See id.  Nor does the

19 court need to determine whether outside evidence is precluded as a matter of law, as indicated in

20 Town of Oyster Bay, 166 F.3d at 494.  This is because plaintiff's fifth cause of action clearly

21 permits evidence beyond the administrative record.

22       Plaintiff's fifth cause of action alleges that defendant's denial "effectively terminates"

23 wireless operations in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II).  (ECF No. 1 at 14.)  Pursuant

24 to this subsection, "the regulation of the placement, construction, and modification of personal

25 wireless service facilities by any State or local government . . . shall not prohibit or have the

26 effect of prohibiting the provision of personal wireless services."  47 U.S.C. § 332(c)(7)(B)(i)(II).

27       Courts are free to consider evidence beyond the administrative record in determining

28 effective prohibition claims under 47 U.S.C. § 332(c)(7)(B)(i)(II).  As courts in other circuits

have held, "[i]n evaluating an effective prohibition claim, district courts are free to consider additional evidence not in the administrative record." Green Mountain Realty Corp. v. Leonard, 688 F.3d 40, 49 (1st Cir. 2012) (internal citations and quotation marks omitted); see also APT Pittsburgh Ltd. P'ship v. Penn Twp. Butler City of Pennsylvania, 196 F.3d 469, 475 (3d Cir. 1999) (holding that whether a city's denial of an application to construct a personal wireless service facility "has the effect of prohibiting the provision of personal wireless services" is a "decision to be made de novo by a reviewing court *that will not necessarily be limited to the record compiled by the state or local authority*") (emphasis added).  Plaintiff fails to address this argument or these cases, and therefore offers no compelling reason to deviate from this persuasive authority.

Accordingly, the court agrees with the precedent cited above, and evidence beyond the administrative record is permitted *at least* as to plaintiff's effective prohibition claim.  Therefore, plaintiff's blanket objections, that *all* of defendant's proposed discovery is improper, cannot be sustained.[3]

    2.    *Discovery is not stayed in this action*

Additionally, plaintiff argues that the court does not need additional evidence to determine the potential merits of plaintiff's motion for summary judgment.  Plaintiff, without acknowledging the standard for staying discovery (discussed below) is requesting just that.[4]  Had plaintiff filed for a timely protective order seeking to stay discovery, this argument could possibly prevail.  However, plaintiff's position raises additional concerns regarding the procedural posture of this case.

---

[3] Due to plaintiff's failure to acknowledge that its fifth cause of action permits discovery beyond the administrative record, it entirely fails to argue why specific discovery requests may or may not be relevant to certain causes of action.  The court will not independently undertake such analysis, as it is not properly before it.  Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1204 (9th Cir.2005) ("Courts generally do not decide issues not raised by the parties.").

[4] As way of example, plaintiff's portion of the joint discovery letter is essentially a recitation of the strength of its motion for summary judgment.  (See ECF No. 25 at 13 ("No amount of discovery can undo this requisite determination [of preemption]"), ("ColfaxNet is indisputably entitled to summary judgment"), 16 ("[T]here is absolutely no need and indeed no lawful basis for the discovery sought.").)

1    "[T]he Federal Rules of Civil Procedure [do] not provide for automatic or blanket stays of
2    discovery when a potentially dispositive motion is pending." Mlejnecky v. Olympus Imaging
3    Am., Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). "Indeed, district courts look
4    unfavorably upon such blanket stays of discovery." Id. Additionally, a motion for a protective
5    order seeking to preclude discovery must be supported by "good cause" and a "strong showing."
6    See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975); see also Gray v. First
7    Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The moving party must show a particular
8    and specific need for the protective order, as opposed to making stereotyped or conclusory
9    statements.").

10   A district court has broad discretion to stay discovery pending the resolution of a
11   dispositive motion. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); see also Fed. R.
12   Civ. P. 26(c). A two-pronged test is used to determine whether a protective order should issue
13   staying discovery. Lowery v. F.A.A., 1994 WL 912632, at *3 (E.D. Cal. 1994). First, a pending
14   motion must be potentially dispositive of the entire case, or at least dispositive on the issue at
15   which discovery is directed. Id. Second, the court must determine whether the pending
16   dispositive motion can be decided absent discovery. See id. "In evaluating a motion to stay, a
17   court inevitably must balance the harm produced by a delay in discovery against the possibility
18   that the motion will be granted and entirely eliminate the need for such discovery." Salazar v.
19   Honest Tea, Inc., 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015) (internal citations and
20   quotation marks omitted).

21   The court is to briefly review the merits of a pending dispositive motion to determine
22   whether a stay should be issued. See Spearman v. I Play, Inc., 2018 WL 1382349, at *2 (E.D.
23   Cal. Mar. 19, 2018). In this matter, because plaintiff filed its motion for summary judgment *after*
24   defendant filed the present motion to compel (and only two days before the parties' joint letter
25   regarding this discovery dispute), the court has before it *only* plaintiff's interpretation of why
26   judgment should be entered in its favor. This puts the court in the undesirable position of
27   formulating potential arguments for defendant and considering both the merits of such arguments
28   and the effect additional discovery may have on them. The court, for example, is unsure whether

tolling is applicable to the present case, whether a sufficient writing was provided to plaintiff, whether plaintiff is mischaracterizing portions of its argument, the effect of plaintiff replacing a tree-tower with a metal tower has on its claim, or of any other argument defendant would provide in opposition to plaintiff's motion.[5]  Had plaintiff filed for a protective order after filing its dispositive motion, this court would be better appraised of the parties' positions.  However, plaintiff, after initially delaying responding to discovery, decided to hide behind the threat of a dispositive motion—without having filed one—for three months.  In short, the court cannot determine the sufficiency of plaintiff's dispositive motion without the benefit of defendant's opposition, and plaintiff's unconventional method of requesting a stay on discovery directly resulted in this dilemma.

Which leads the court to its last point: plaintiff's delay in raising its position of refusing to respond to any discovery.  As mentioned above, plaintiff agreed to, and the court ordered, a discovery plan pursuant to Rule 26(f).  (ECF Nos. 7, 8.)  Nowhere in this plan did plaintiff mention its position that this matter should be decided solely on the administrative record.  In fact, the discovery plan places specific limits on written discovery and mentions the expected number of witnesses needed, demonstrating that the parties contemplated the need for discovery beyond the administrative record.  (See ECF No. 7 at 3.)  Additionally, after being served with written discovery, plaintiff made multiple requests for extensions, which defendant granted, only to completely refuse to respond to *any* discovery.  Plaintiff instead provided boiler-plate[6] objections to each of defendant's discovery requests.  (See ECF No. 25.)  The court does not find these delays determinative on their own.  However, given plaintiff's present position—requesting a global stay on discovery while its motion for summary judgment is decided—the court is extremely reluctant to grant plaintiff the relief it requests.  This reluctance is exacerbated by plaintiff's failure to inform defendant or the court of its position, particularly considering the number of times plaintiff was given the opportunity to do so and the effect plaintiff's delay could

---

[5] The court similarly does not have the benefit of plaintiff's argument as to these issues, as plaintiff failed to address the proper standard for staying discovery.

[6] While plaintiff takes exception to this term, it is clearly applicable in the present case.

have on this action.

These considerations and the instruction to view blanket stays on discovery "unfavorably," Mlejnecky, 2011 WL 489743, at *6, lead the court to conclude that plaintiff's objections and argument—that discovery should be stayed because the administrative record is the only evidence the court should consider—are insufficient. Having determined that this is the only objection before the court, this objection is insufficient, and that plaintiff is not entitled to a stay on discovery, the court GRANTS defendant's motion to compel in its entirety.

### C. **Attorneys' fees**

Finally, both parties request attorneys' fees incurred by bringing and responding to the present motion. Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). "Discovery conduct is 'substantially justified if it is a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" Cervantes v. Zimmerman, 2019 WL 1598219, at *7 (S.D. Cal. Apr. 15, 2019) (quoting Devaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993)).

As outlined above, plaintiff unreasonably and without justification refused to respond to discovery in this matter. Plaintiff was afforded multiple opportunities to inform defendant of its position, but instead decided to rest on its boiler-plate objections that are not supported by relevant precedent. The court cannot find plaintiff's actions regarding this dispute to be substantially justified. Accordingly, defendant is entitled to attorneys' fees incurred as a result of bringing the present discovery dispute. However, because defendant has not included any breakdown or accounting of the attorneys' fees requested, defendant is instructed to file a

declaration with the court regarding the requested fees. Plaintiff may file an opposition, but is limited only to the issue of whether the amount requested is "reasonable" under Rule 37(a)(5)(A).

III. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall respond to defendant's discovery, without objection, within thirty (30) days of the date of this order. Plaintiff shall also provide defendant with deposition dates of Corey Juchau and Lynele Juchau within thirty (30) days of this order, to be completed within ninety (90) days of this order.

2. Plaintiff's request for attorneys' fees is DENIED, and defendant's request for attorneys' fees is GRANTED IN PART.

3. Within fourteen (14) days of the date of this order defendant shall file a declaration regarding attorneys' fees and costs. Plaintiff may, but need not, file an opposition within seven (7) days of the declaration being filed, as outlined above. After plaintiff's time to respond expires, the matter, as it concerns attorneys' fees, will be deemed submitted.

IT IS SO ORDERED.

Dated: August 19, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.2167.mtc