UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| COLFAXNET, LLC, | No. 2:19-cv-2167 WBS-CKD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: PLAINTIFF'S OBJECTIONS TO DISCOVERY ORDER OF MAGISTRATE JUDGE DELANEY DATED AUGUST 19, 2020 |
| CITY OF COLFAX, | |
| Defendant. | |

----oo0oo----

Plaintiff ColfaxNet, LLC ("Plaintiff"), brought this action against Defendant City of Colfax ("Defendant") alleging violations of the Federal Telecommunications Act ("FTA"), 47 U.S.C. § 332(c)(7)(B) and 47 U.S.C. § 1455, and its implementing regulations codified at 47 C.F.R. § 1600.  Plaintiff seeks declaratory and injunctive relief in the form of a court order stating that the defendant violated the FCA and mandating that the defendant issue the requisite permits for plaintiff to proceed with the placement, construction, and/or modification of the ColfaxNet wireless service facilities proposed in the

1

applications. (See generally Compl. (Docket No. 1).) Plaintiff additionally requests that the court hear and decide this action on an expedited basis pursuant to 47 U.S.C. § 332(c)(7)(B)(v).[1] Before the court is the "Objection of Plaintiff ColfaxNet, LLC to Discovery Order of Magistrate Judge dated August 19, 2020." ("Objections") (Docket No. 31.)

I.   Factual and Procedural Background

On October 25, 2019, plaintiff ColfaxNet, LLC, ("Plaintiff") brought this action against defendant City of Colfax ("Defendant") alleging violations of the Federal Telecommunications Act ("FTA"), 47 U.S.C. § 332(c)(7)(B) and 47 U.S.C. § 1455, and its implementing regulations codified at 47 C.F.R. § 1600.  Plaintiff alleges in its operative complaint that the defendant: (i) did not act on plaintiff's request to modify an existing wireless communication facility within a reasonable period of time, (ii) failed to draft a written denial of the plaintiff's request supported by a written record, (iii) improperly considered radio frequency emissions in issuing the denial of plaintiff's request, (iv) unlawfully prohibited plaintiff from providing service, and (v) unlawfully denied plaintiff's eligible facilities request. (See generally Compl. (Docket No. 1).)

The parties filed a Rule 26(f) discovery plan on February 18, 2020, which contemplated discovery cut-offs and

---

[1] Plaintiff has not stated what time frame is required by the statute and has not cited any cases explaining what "expedited review" means or the timeline anticipated in these cases.  Defendant does not appear to have even acknowledged this requirement.

2

limitations. Specifically, the parties expected to "propound up to 20 each of Interrogatories, Requests for Admission, and Requests for Production" and to "take up to eight percipient witness depositions, including Party depositions, each." (See Joint Status Report at 3) (Docket No. 7.)  The plan did not state that the matter should be solely decided on the administrative record.  (See generally Joint Status Report.)

Defendant served plaintiff with requests for written discovery on April 16, 2020.  (Joint Statement Re: Discovery Disagreement at 2 ("Joint Statement") (Docket No. 25.) Defendant served plaintiff with notices of deposition for the two principals, Corey and Lynele Juchau, on May 6, 2020. (Declaration of Mark Epstein in Support of Mot. to Compel at ¶ 4 ("Epstein Decl.") (Docket No. 16).)  After receiving two courtesy extensions from defendant to respond to the written discovery, plaintiff objected to each discovery request made by defendant. (Id.)  Nearly every objection included the following, or substantially similar statement: "To the extent the request seeks information beyond the administrative record that is subject to review in this case, it is overbroad, unduly burdensome, and has no relevance to the claims or defenses raised."  (See generally id. at Ex. K-N.)  Plaintiff's counsel also informed defendant that they wished to put off the depositions because the motion for summary judgment would be dispositive and resolve the case without the need for those depositions.  (Id. at ¶ 9).

Defendant filed a Motion to Compel Plaintiff's Responses to Written Discovery, Production of Documents, and Appearance at Deposition on July 10, 2020.  ("Mot. to Compel")

(Docket No. 15).  The hearing on that motion was set for August 12, 2020 before Magistrate Judge Delaney.  (See id.)  Plaintiff filed for summary judgment on August 3, 2020, more than three weeks after defendant moved to compel discovery.  (See Pl.'s Mem. in Supp. of Summ. J ("MSJ") (Docket No. 22-1).) [2]  The parties submitted their Joint Statement regarding the discovery dispute only two days later, on August 5, 2020.  (See generally Joint Statement.)

On August 19, 2020, Judge Delaney issued an order granting defendant's Motion to Compel Discovery Responses and ordering Plaintiff to respond to defendant's written discovery within 30 days and present ColfaxNet's principals for deposition within 90 days.  (Order Granting Mot. to Compel Discovery Responses at 10 ("Order") (Docket No. 27).)  Judge Delaney awarded defendant's attorney's fees, ruling that "plaintiff unreasonably and without justification refused to respond to discovery in this matter."  (See Order at 9.)  Plaintiff requested reconsideration of Judge Delaney's order on September 2, 2020.  (See generally Objections.)  Defendant replied to that request on September 9, 2020.  (See Df.'s Opp. to Pl.'s Objection/ Request for Reconsideration of Discovery Order ("Reply to Objections") (Docket No. 34).)

II. Discussion

A party seeking reconsideration of the Magistrate

---

[2] Plaintiff ColfaxNet has not moved for summary judgment on two counts in their complaint (denial not based on substantial evidence and effective prohibition of wireless service.)  (See Reply Brief of Plaintiff ColfaxNet, LLC in Support of Motion for Summary Judgment at 2) (Docket No. 30).)

1 judge's ruling shall file a request for reconsideration by a
2 Judge and serve the Magistrate Judge and all parties.  See Loc.
3 R. 303(c).  Such request shall specifically designate the ruling,
4 or part thereof, objected to and the basis for that objection.
5 Id.  "The standard that the assigned Judge shall use in all such
6 requests is the 'clearly erroneous or contrary to law' standard
7 set forth in 28 U.S.C. § 636(b)(1)(A)." See Loc. R. 303(f); See
8 Fed. R. Civ. P. 72(a).

9          Federal Rule of Civil Procedure 26(b)(1) states that
10 unless otherwise limited by court order, "parties may obtain
11 discovery regarding any nonprivileged matter that is relevant to
12 any party's claim or defense and proportional to the needs of
13 the case." Fed. R. Civ. P. 26(b)(1).  Information within the
14 scope of discovery "need not be admissible in evidence to be
15 discoverable." Id.  The Court is vested with broad discretion
16 to manage discovery.  See Hunt v. County of Orange, 672 F.3d
17 606, 616 (9th Cir. 2012); Survivor Media, Inc. v. Survivor
18 Prods., 406 F.3d 625, 635 (9th Cir. 2005).

19          First, plaintiff claims that the Magistrate Judge
20 focused solely on ColfaxNet's contentions that no discovery was
21 necessary or appropriate due to the pending motion for summary
22 judgment and that defendant's discovery requests were improper
23 because they sought information beyond the administrative record.
24 (See Objections at 3.)  Plaintiff argues that because of this,
25 the Magistrate Judge did not consider or require defendant to
26 demonstrate relevance, proportionality, or any of the other
27 factors governing the permissible scope of the discovery requests
28

1 under Federal Rule of Civil Procedure 26(b)(1).[3]  (See id.)
2 Defendant contends that its discovery requests fall well within
3 the proper scope of Federal Rule of Civil Procedure 26(b)(1)
4 because they seek to compel plaintiff to produce the basic and
5 non-privileged information upon which it bases its claims against
6 defendant in this case.  (See Reply to Objections at 3.)

7      Plaintiff's argument is without merit because Judge
8 Delaney specifically stated that "the parties can assume that the
9 court has determined that any objection not discussed in this
10 order has been overruled because it is too general or otherwise
11 meritless."  (See Order at 3.)  Thus, the fact that the
12 Magistrate Judge did not specifically detail whether each request
13 satisfied each element of Rule 26(b)(1) does not indicate that
14 she disregarded plaintiff's arguments as to the relevance of the
15 discovery requests or whether such requests were unduly
16 burdensome under Rule 26(b)(1).

17      Plaintiff additionally objects to the Magistrate
18 Judge's Order on the basis that defendant has not cited to any
19 piece of discovery relevant to any of the four counts moved for
20 on the Motion for Summary Judgment. (See Objections at 3-4.)
21 Although this issue is relevant to the question of whether the

---

[3] Although plaintiff criticizes the Magistrate Judge for allegedly not ruling as to whether each of defendant's discovery requests were proportional to the needs of this case, in the entire Joint Statement submitted to the Magistrate Judge, which totals 131 pages, plaintiff never even mentions the word proportional in their objections to defendant's requests. Instead, plaintiff repeats variations of their boilerplate objection that to the extent that information is sought beyond the administrative record it is "overbroad, unduly burdensome and has no relevance to the claims or defenses raised."  (See generally Joint Statement.)

court's ruling on the pending summary judgment motion should be postponed until defendant receives discovery pursuant to Federal Rule of Civil Procedure 56(d), it has no bearing on the issue here.[4]  The defendant is clearly entitled to take discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).

Finally, plaintiff objects to the Magistrate Judge's award of attorney's fees to defendant.  Under Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel is granted, the court must require the party whose conduct occasioned the motion "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  The court must not award attorney's fees if:

(i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

---

[4] Moreover, plaintiff's claim that the discovery sought does not touch on any of the issues which are the subject of the motion for summary judgment lacks support.  As just one example, plaintiff claims that the city failed to approve the ColfaxNet eligible facilities request in violation of 47 U.S.C. § 1455 and 47 C.F.R. §1.6100.  (MSJ at 11.)  One of defendant's defenses is that ColfaxNet's proposed tower was not an "eligible facilities request."  (Def.'s Mem. in Opp. of Mot. for Summ. J. at 18) ("Opp. to MSJ" (Docket No. 28).)  Defendant's Interrogatory No. 11 goes directly to this request and defense and seeks to discover the facts upon which plaintiff bases this assertion.  (See Joint Statement at 37.)

7

None of these exceptions apply here.  First, the defendant attempted to resolve the discovery dispute before bringing the matter to the court.  The parties met on June 4, 2020 via Zoom to meet and confer and resolve all pending discovery disputes.  (See Epstein Decl. at ¶ 16.)  Second, plaintiff's objections and response to defendant's discovery requests were not substantially justified.  As Judge Delaney points out, "[p]laintiff was afforded multiple opportunities to inform defendant of its position, but instead decided to rest on its boiler-plate objections."  (See Order at 9.)  That these boilerplate responses and objections by the plaintiff were inadequate and deficient seems evident to even the plaintiff, as they felt the need to include expanded rationales for their objections in their Objections to Judge Delaney's Order.  (See Objections at 9-22.)  Third, there are no other circumstances that make an award of expenses unjust.  Plaintiff points out that they are a very small company, owned and managed by a husband and wife.  (See Objections at 7.)  However, had plaintiff produced the discovery that they previously agreed to in a timely and adequate fashion, the expense of these motions could have been avoided.

Accordingly, because plaintiff has not demonstrated that the Magistrate Judge's decision to compel plaintiff to comply with defendant's discovery requests was "clearly erroneous" or "contrary to law" as required under Local Rule 303(g) and Federal Rule of Civil Procedure 72(a), plaintiff's request for reconsideration of the Magistrate Judge's order is hereby DENIED.  Plaintiff is ORDERED to comply with the

Magistrate Judge's Order (Docket No. 27) within 30 days from the date of this Order.

Dated: September 14, 2020

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE