UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| COLFAXNET, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF COLFAX,<br><br>        Defendant. | No. 2:19-cv-2167 WBS-CKD<br><br><br>ORDER RE: PLAINTIFF'S MOTION <u>FOR SUMMARY JUDGMENT</u> |

----oo0oo----

      Plaintiff ColfaxNet, LLC ("Plaintiff"), brought this action against Defendant City of Colfax ("Defendant") alleging violations of the Federal Telecommunications Act ("FTA"), 47 U.S.C. § 332(c)(7)(B) and 47 U.S.C. § 1455, and its implementing regulations codified at 47 C.F.R. § 1600.  Plaintiff alleges in its operative complaint that the defendant: (i) did not act on plaintiff's request to modify an existing wireless communication facility within a reasonable period of time, (ii) failed to draft a written denial of the plaintiff's request supported by a written record, (iii) improperly considered radio frequency

1

emissions in issuing the denial of plaintiff's request, (iv) unlawfully prohibited plaintiff from providing service, and (v) unlawfully denied plaintiff's eligible facilities request. (See generally Compl. (Docket No. 1).)

Plaintiff seeks declaratory and injunctive relief in the form of a court order stating that the defendant violated the FCA and mandating that the defendant issue the requisite permits for plaintiff to proceed with the placement, construction, and/or modification of the ColfaxNet wireless service facilities proposed in the applications. (See generally Compl. (Docket No. 1).)

On August 3, 2020, plaintiff filed a Motion for Summary Judgment.[1] ("MSJ") (Docket No. 22.)  On August 25, 2020, defendant filed its opposition to Plaintiff's motion, in which defendant requested, inter alia, that the court defer deciding plaintiff's motion for summary judgment until plaintiff complies with its court-ordered discovery obligations. (Docket No. 28.)

Federal Rule of Civil Procedure 56(d)(1) provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may "defer considering the motion or deny it." Fed. R. Civ. P. 56(d)(1). The Supreme Court has recognized that this rule prevents parties from being "railroaded" by premature motions if the nonmoving party has not had an opportunity to make full discovery. See Celotex Corp. v.

---

[1] Plaintiff ColfaxNet has not moved for summary judgment on two counts in their complaint (denial not based on substantial evidence and effective prohibition of wireless service.)  (See Pl.'s Reply at 2) (Docket No.30).)

Catrett, 477 U.S. 317, 326 (1986).

Pursuant to the discussion with the parties at the hearings held on September 8 and 14, 2020, the court will grant defendant's request to defer consideration of the summary judgment motion in order to allow defendant to conduct limited discovery to respond to plaintiff's motion for summary judgment. Accordingly, the court ORDERS as follows:

1. On or before September 29, 2020, plaintiff shall respond to defendant's Interrogatories Nos. 2, 4, 7, 13, and 14 and defendant's Request for Admission No. 5. Plaintiff shall also produce the principals of ColfaxNet LLC, Corey and Lynele Juchau, for their respective depositions, which shall be completed by September 29, 2020. The depositions shall each be completed within four hours, without subject matter limitation, and with the understanding that the time consumed by objections of counsel and any discussion of objections will not count against the four-hour time limitation.

2. Defendant shall have until October 13, 2020 to file its amended Opposition to Plaintiff's Motion for Summary Judgment.

3. Plaintiff shall have until October 20, 2020 to submit its amended Reply Brief in Support of Plaintiff's Motion for Summary Judgment.

4. The hearing on the Motion for Summary Judgment will be held at 1:30 PM on November 2, 2020.

IT IS SO ORDERED.

Dated: September 14, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE