Arthur G. Woodward (SBN: 142914)
Jake C. Weaver (SBN: 300962)
**Reynolds Tilbury Woodward LLP**
11601 Blocker Drive, Suite 105
Auburn, California 95603
Phone: (530) 885-8500
awoodward@rtwlawllp.com

Andrew M. Klein
**Klein Law Group PLLC**
1250 Connecticut Ave NW, Suite 700
Washington, DC 20036
Phone: (202) 289-6955
aklein@kleinlawpllc.com

Attorneys for the Plaintiff,
COLFAXNET, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ColfaxNet, LLC, <br><br>     Plaintiff, <br><br>   v. <br><br> City of Colfax, <br><br>     Defendant. | Case No. 2:19-cv-02167-WBS-CKD <br><br> **OPPOSITION OF COLFAXNET, LLC TO DEFENDANT'S FILING ON ATTORNEYS' FEES** |

   ColfaxNet, LLC ("ColfaxNet") respectfully submits this Opposition to the Filing of Defendant City of Colfax ("City") dated October 14, 2020 (Dkt. No. 43), concerning the amount of attorneys' fees, without prejudice to and reserving all rights concerning these issues.

   The amount of attorneys' fees requested by Defendant is unreasonable for two specific reasons. First, it appears that counsel for Defendant misstated the amount of hours actually spent. Second, the amount of fees is excessive in relation to the dispute, work performed, failures and misdirected efforts.

As to the first issue, Defendant's counsel asserts that 35 hours of Ms. Radhika Thanedar's time was spent on the motion to compel. The invoices included as part of Defendant's filing appear to reflect a total of 26.5 hours of Ms. Thanedar's time spent on the motion. This would cause the fees requested to total $10,445 rather than $13,250.

Second, the 39 hours claimed (or even 30.5 hours) and the resultant fee amount is excessive in relation to the dispute, work performed, failures, and misdirected efforts. Defendant for example never accounted for three large and substantive discovery productions of ColfaxNet in April and June, 2020 – preceding Defendant's motion to compel. These ColfaxNet discovery productions resulted in 668 separate pages and files being produced to Defendant. *See, e.g.,* Joint Statement, Dkt. No. 25, at 4-8, and Notice of Lodging, Dkt. No. 22-5. The Administrative Index included as part of the Notice of Lodging, Dkt. No. 22-5 at page 4-6, demonstrates the significance of those documents – and the lack of any need for Defendant to seek their production through a motion to compel.

Defendant nonetheless proceeded with its motion to compel in complete disregard of the discovery productions and the discovery requests mooted thereby. Due to the fact Defendant never engaged in a meet and confer in good faith (and the conference as a result lasted just several minutes), there was no discussion of the relevance or responsiveness of the discovery production and the requests that were satisfied.[1] There was likewise no similar discussion during the very brief hearing on the motion held August 12, 2020.

With regard to the motion itself, the most time-consuming document was the Joint Statement Regarding Discovery Disagreement (Dkt. No. 25). Defendant's section of the Joint Statement essentially was an *ad seriatim* repetition of one long position statement; namely, Defendant argued ColfaxNet wrongfully failed to respond to the dozens of Requests for Production of Documents, Interrogatories and Requests for Admission. There was little, if any, variation in Defendant's statements with respect to each separate request for production, interrogatory and request for admission, even though ColfaxNet set forth specific objections to most of these in addition to the overall objection based on the pending, dispositive Motion for Summary Judgment. Thus, after the

---

[1] As such, ColfaxNet was not in fact afforded multiple opportunities to inform Defendant of its position.

blanket statement was drafted, the remainder of Defendant's position statements should have taken only minutes to add using the cut-and-paste feature of Word. Yet, Defendant requests compensation for 39 (or perhaps 30.5) hours of attorney time in relation to the motion.

The filings of Defendant reflect very little other legal time or effort. Defendant failed to even assert why it believed each request fell within the scope of Rule 26(b)(1) and why the objections of ColfaxNet should be overruled. In fact, in the Joint Statement [Dkt. No. 25] Defendant cited to Rule 26(b)(1) just <u>twice</u>, stating each time simply that "it is well established that the identity and location of persons having knowledge of any discoverable matter are discoverable."

Defendant did not demonstrate, under Fed. R. Civ. P. 26(b), either the relevance or proportionality of its discovery requests, or account for the other Rule 26 factors, such as the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Had Defendant endeavored to do so, Defendant would have concluded that many of its discovery requests were truly inappropriate and would have been excluded from the motion to compel. The narrowed motion to compel would have required less time to prepare and pursue, which would have resulted in less fees being claimed.

Moreover, had Defendant attempted or been required to satisfy its Rule 26 burden, and necessarily failed, the Court would surely have recognized that the discovery conduct of ColfaxNet was indeed "substantially justified" as "a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Cervantes v. Zimmerman*, 2019 WL 1598219, at *7 (S.D. Cal. Apr. 15, 2019) (*quoting Devaney v. Continental Am. Ins. Co.,* 989 F.2d 1154, 1163 (11th Cir. 1993)). The same result would surely have obtained had Defendant filed the far more tailored motion.

Despite the many hours claimed, Defendant cited to no relevant legal precedent in its filings, revealing that no appropriate legal research was conducted. Defendant in fact cited just twice to the federal statutes that govern this case (47 U.S.C. § 332 and 47 U.S.C. 1455), relative to just two of twenty interrogatories (as to which the factual assertions were clearly identified in the Complaint and were further specifically delineated both in the Statement of Undisputed Facts previously on file

with the Court [Dkt. No. 22-4] and in the Joint Statement itself [Dkt. No. 25 at 4-8]). The scores of weak and inappropriate discovery requests appear to have been intended simply to burden and harass a very small company even more so than ColfaxNet had been already.

Given that Defendant made no truly substantive arguments in support of its motion, did not engage in the requisite request-by-request and objection-by-objection analysis, and did not conduct an appropriate legal analysis, the fees claimed are simply unjustified.

In light of the fact Defendant's counsel failed to timely submit the Court-ordered declaration, submitted a defective and unsubstantiated declaration when the declaration was filed, apparently misstated the number of hours and resultant fees claimed in this further filing, and for all of the other reasons set forth above, the Court is respectfully requested to set the amount of attorneys' fees awarded at zero or barring that relief set an award amount at a nominal figure such as $2500.

Dated: October 21, 2020                    Respectfully submitted,


                                           Andrew M. Klein
                                           Klein Law Group PLLC
                                           1250 Connecticut Ave NW, Suite 700
                                           Washington, DC 20036
                                           Phone: (202) 289-6955
                                           aklein@kleinlawpllc.com

                                           Co-Counsel for Plaintiff ColfaxNet, LLC