1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   COLFAXNET, LLC,                          No.  2:19-cv-02167-WBS-CKD

12                  Plaintiff,

13        v.                                   ORDER

14   CITY OF COLFAX,

15                  Defendant.

16

17        On August 19, 2020, the undersigned granted defendant's motion to compel, ordering

18   plaintiff to respond to discovery and awarding defendant attorneys' fees incurred by bringing said

19   motion under Federal Rule of Civil Procedure 37(a)(5).[1]  (ECF No. 27.)  On September 17, 2020,

20   the court initially found reasonable defense counsel's request for $13,750.00 in attorneys' fees

21   incurred as a result of the discovery dispute.  (ECF Nos. 32, 39.)  But after receiving plaintiff's

22   opposition challenging the fee request (ECF No. 40), the court ordered defendant to file a specific

23   breakdown of billing records supporting counsel's requested attorneys' fees (ECF No. 41).  The

24   court permitted plaintiff to file further opposition, limited solely to the issue of the reasonableness

25   of the fees requested.  (ECF No. 41.)  Having received defendant's supplemental supporting

26   documents, plaintiff's opposition, and defendant's reply (ECF Nos. 43, 45-47), the court now

27   ──────────────

28   [1] Plaintiff sought reconsideration of that order, which was denied by Judge Shubb.  (ECF No. 37.)

                                                    1

1   rules as follows.

2        Defense counsel declares that defendant incurred approximately $16,027.50 in attorneys'

3   fees related to the motion to compel.  (ECF No. 43 at 3.)  But defense counsel limits the present

4   request to $13,250 in attorneys' fees.[2]  (Id.)  According to the full billing records provided in

5   support of the motion, defendant actually incurred some $23,710 in attorneys' fees, with firm

6   partner Mark Epstein charging $425 per hour and associate Radhika Thanedar charging $330 per

7   hour.  (ECF Nos. 43 at 11-15, 46 at 7-12.)  The billing records reflect that from June through

8   August 2020, Mr. Epstein billed 22.4 hours and Ms. Thanedar billed 43 hours working on the

9   motion to compel.  (Id.)  However, defendant was not charged for all these hours, and Mr. Epstein

10  therefore seeks attorneys' fees for only 4 of the 22+ hours he spent on the motion, for a total of

11  $1,700 (4 x $425).  (ECF No. 43 at 3.)  Likewise, defense counsel seeks attorneys' fees for just 35

12  of the 43 hours Ms. Thanedar spent, for a total of $11,550 (35 x $330).[3]  (Id.)  Together, these

13  fees total the requested $13,250.

14       In opposition, plaintiff's counsel argues that such fee request does not take into account

15  plaintiff's pre-motion production of documents in April and June, which purportedly mooted the

16  need for some number of the discovery requests at issue in the motion to compel.  (ECF No. 45 at

17  2.)  Further, he argues that defense counsel spent an unreasonable number of hours preparing the

18  motion given that (1) the Joint Statement "essentially was an *ad seriatim* repetition of one long

19  position statement," with little variation between defendant's statements regarding each separate

20  request, and (2) the Joint Statement showed little legal effort because defendant included no

21

22  _____

23  [2] Defense counsel's reply brief asks the court to "stick with its initial attorneys' fees award of
    $13,750" (ECF No. 47 at 4), but the court will hold defense counsel to the further reduced

24  $13,250 amount requested in his opening declaration (ECF No. 43 at 3).

25  [3] Defense counsel at first inaccurately reported that Ms. Thanedar billed 35 hours when the
    attached invoices showed she billed only 26.5 hours over July and August 2020.  In response to

26  plaintiff's counsel's objection, defense counsel then provided an additional invoice from June
    2020—inadvertently omitted from its opening fee request—showing that Ms. Thanedar also

27  billed 16.5 hours on the matter in that month.  Given that defense counsel is ultimately seeking far
    less than even the full amount of fees initially reported, the court will not reduce the fee award

28  because of this oversight.

1  | arguments about Rule 26(b) relevance, or why plaintiff's objections should be overruled.[4]  (Id. at

2  | at 2-3.)  Plaintiff's counsel requests that the court award no attorneys' fees, or at most $2,500.

3  | (Id. at 4.)

4  |        Although the number of hours spent is admittedly high, the court is not persuaded that it is

5  | unreasonably high.  Plaintiff's counsel mischaracterizes the work required of defense counsel in

6  | preparing defendant's portion of the 131-page Joint Statement.  Defense counsel had to explain to

7  | the court defendant's need for no fewer than 20 interrogatories, 13 requests for admission, and 21

8  | requests for production; in order to do so, defense counsel provided unique arguments responding

9  | to the numerous objections plaintiff advanced for each (most containing at least 4 objections).

10 | (ECF No. 25.)  Contrary to plaintiff's counsel's description, these were not mere copy-and-paste

11 | arguments.  Defendant included arguments tailored to each individual discovery request, almost

12 | always opening with a discussion of the relevance of the information being requested.  In

13 | addition, plaintiff's counsel overlooks the 14-page legal memorandum included in defendant's

14 | motion to compel, the preparation of which alone required over 18 hours of attorney work.  (ECF

15 | Nos. 15, 46 at 8-12.)  The court finds defense counsel's rates and hours reasonable for purposes

16 | of awarding attorneys' fees under Rule 37(a)(5)(A).

17 | ////

18 | ////

19 | ////

20 | ////

21 | ////

22 | ////

23 | ////

24 | ////

25 |

26 | [4] Plaintiff's counsel also critiques the court's supposed failure to require defendant to satisfy its
   | Rule 26 burden and challenges the undersigned's finding that plaintiff's discovery conduct was

27 | not substantially justified.  (ECF No. 45 at 3.)  Aside from their questionable timing, these
   | arguments go beyond the scope of contesting the reasonableness of defense counsel's fee request

28 | and are therefore disregarded.

1    Accordingly, it is HEREBY ORDERED that:

2    1.   The court's September 17, 2020 award of attorneys' fees (ECF No. 39) is VACATED;

3         and

4    2.   Defendant is awarded sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)

5         in the amount of $13,250.00 to be paid by Klein Law Group, PLLC due to the conduct

6         that necessitated the parties' discovery dispute, as articulated in the record and in the

7         court's prior orders. Such sanctions must be paid within 10 days of this order, and counsel

8         may not pass on the costs of such sanctions to his client either directly or indirectly.

9    Dated:  November 30, 2020

10

11                                        CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

12

13

14   19.colf.2167

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4